IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEREMY DAMON ROSS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:21-CV-143-Z |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS

Petitioner, Jeremy Damon Ross, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. (ECF 4). In response, Respondent filed a motion to dismiss the Section 2255 motion as untimely. (ECF 6). Petitioner recently sent correspondence that could be interpreted as a response to the motion to dismiss. (ECF 8). Having considered the record, and applicable authorities, the undersigned concludes that the Section 2255 motion should be DISMISSED as untimely.

## BACKGROUND

On February 28, 2019, Petitioner was named in a one-count indictment charging him with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (CR ECF 12). Petitioner entered into a plea agreement pursuant to which he waived his right to appeal or otherwise challenge his sentence except in limited circumstances. (CR ECF 19). The Court accepted his plea of guilty and sentenced Petitioner to a term of imprisonment of 84 months. (CR ECF 44). Judgment was entered September 19, 2019. (*Id.*) Petitioner did not appeal.

## LIMITATIONS

"Section 2255 provides relief for a petitioner who can establish either (1) his sentence was

imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

## ANALYSIS

Petitioner's judgment was entered September 19, 2019, and became final on October 3, 2019. FED. R. APP. P. 4(b)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

Therefore, he had until October 3, 2020, in which to file a timely motion under Section 2255. The record reflects, however, that he did not deposit his motion in the prison mail system for filing until July 11, 2021, (ECF 2 at 4), more than nine months after limitations had run.

In his reply, Petitioner refers to *United States v. Rehaif*, 588 U.S. __, 139 S. Ct. 2191 (2019), as though the case might bear on the timeliness of the motion. (ECF 8). There, the Supreme Court held that a defendant's knowledge of the status that disqualified him from owning a firearm is an element of a conviction under 18 U.S.C. § 922(g). *Rehaif* was decided June 21, 2019, before Petitioner's judgment was entered. It would not have extended the time for filing a motion under Section 2255 in any event, however, because it did not recognize a new rule of constitutional law, much less make it retroactive to cases on collateral review. *Jones v. Hendrix*, 599 U.S. __, 143 S. Ct. 1857 (2023).

Petitioner does not address equitable tolling, which applies only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). To be entitled to equitable tolling, a petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). A petitioner's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the petitioner from timely filing his habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). As other courts have noted, even if prison law libraries were closed due to the pandemic, the prison mail systems were not. *United States v. Lara*, No.

6:21-29, 2021 WL 4087613, at *2 (S.D. Tex. Sept. 8, 2021) (citing cases). In this case, Petitioner has not made any attempt to show that he was prevented from timely filing his petition. Nor has he shown any exercise of diligence. He is not entitled to equitable tolling.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Jeremy Damon Ross, be DISMISSED as untimely.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on August 4, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *  <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).